IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE

FILED

June 18, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **THOMAS OWENS,** | ) | |
| | ) | |
| Plaintiff/Counter-Defendant | ) | Lawrence Chancery No. 7603-95 |
| | ) | |
| **v.** | ) | |
| | ) | Appeal No. 01A01-9709-CH-00471 |
| **ANGELIA OWENS,** | ) | |
| | ) | |
| Defendant/Counter-Plaintiff/ | ) | |
| Appellee, | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **JAMES R. OWENS and FERN OWENS,** | ) | |
| | ) | |
| Defendants/Appellants. | ) | |


APPEAL FROM THE CHANCERY COURT OF LAWRENCE COUNTY
AT LAWRENCEBURG, TENNESSEE


THE HONORABLE WILLIAM B. CAIN, CHANCELLOR


For the Defendant/Counter-Plaintiff/Appellee          For the Defendants/Appellants:

David L. Allen                                    J. Daniel Freemon
Lawrenceburg, Tennessee                           Lawrenceburg, Tennessee


**AFFIRMED**


HOLLY KIRBY LILLARD, J.


CONCUR:


W. FRANK CRAWFORD, P.J., W.S.


ALAN E. HIGHERS, J.

**OPINION**

This is a divorce case involving the division of marital property. During their marriage, the husband and wife built a house on property owned by the husband's parents. The trial court granted a lien against the property in favor of the wife for half the value of the marital home. The husband's parents appeal. We affirm.

Thomas Owens ("Husband") and Angelia Owens ("Wife") were married in May, 1986. There were two children born to the marriage. In 1988, Husband and Wife constructed a house located on property owned by Husband's parents, James and Fern Owens ("Mr. and Mrs. Owens"). On September 21, 1995, Husband filed a complaint for divorce alleging inappropriate marital conduct or, in the alternative, irreconcilable differences. Wife answered the complaint and filed a counter-complaint for divorce alleging identical grounds. Subsequently, Wife filed an amended counter-complaint impleading Mr. and Mrs. Owens alleging that they were unjustly enriched by the construction of the house on their property. Wife also alleged alternative theories of recovery including quasi-contract and *quantum meruit.*

During the trial, both Husband and Wife accused each other of inappropriate marital conduct. Wife testified that Husband had abused her physically in the past. She said that she left suddenly with the parties' two children in September 1995 because Husband struck her in front of the children and that one child was injured during the altercation.

The trial court also heard evidence concerning the construction of the marital home on the property of Mr. and Mrs. Owens. Wife testified that she selected and bought most of the building materials, and that she assisted in the construction of the house. Wife introduced into evidence receipts for building materials that she bought, in the amount of $4,785.98. Wife stated that she saved all of her cancelled checks but could not provide them to the trial court because the checks were left at the house when she had to leave quickly because of Husband's abuse. Wife testified she could obtain cancelled checks from the bank only dating back six years to April 1990. Wife asserted that the house was nearly completed in April 1990. Wife also testified that she borrowed $5,000 from her mother to assist with construction costs.

Wife testified that her work on the house, her payment for building materials, and the monetary assistance from her mother were because of her "understanding" that the property would be deeded to Husband and her upon completion of the house. She asserted that Husband represented to her that the house would be deeded to them when it was completed. She also noted Mr. Owens'

references to the house as "you all's" and interpreted these references to mean that the house belonged to Husband and her.

Husband denied at trial that Mr. Owens, his father, ever promised to convey the property at any time. Husband was employed by Mr. Owens and worked on the house at times when he was working for his father. Husband was paid by his father in cash and acknowledged failing to report this income on the joint tax returns.

Mr. Owens asserted that he never had any intention of deeding the property to his son and daughter-in-law and never made representations to that effect. It is undisputed that the house was constructed from timber cut from his land, and that some of the equipment used in constructing the house was owned by Mr. Owens. Mr. Owens claimed that he bought part of the materials for the house for cash and paid bills concerning the construction of the house in cash. Mr. Owens produced no receipts for the purchase of building materials. Mr. Owens also testified that Husband and Wife paid him no rent for five years, the period of time in which they resided in the house.

After listening to the testimony, the trial court found the testimony of Husband and Mr. Owens to be not credible. The trial judge noted the income tax returns in which Husband's cash income was not reported, Husband's evasiveness and claimed ignorance about numerous basic issues, and Mr. Owens' propensity to deal in cash transactions:

> Mr. Thomas Owens [Husband] appears to be either trying to act ignorant or is ignorant; and I don't believe he is ignorant. He knows nothing. He answers no question dealing even with the date of his marriage with a straightforward answer. It's generally "I don't know." These people deal with cash. Mr. Jim Owens [Mr. Owens] is a cash dealer; cash, cash, cash. He likewise knows nothing.

The trial court held that Mr. and Mrs. Owens would be unjustly enriched by retaining the entire value of the house on their property. The trial court valued the property, including the value of the land and the house, at $45,000. The trial court awarded Wife half of the value of the residence, $22,500, less $5,000, the value of one acre of land owned by Mr. and Mrs. Owens. Consequently, the trial court granted a lien in favor of Wife in the sum of $17,500 against the property of Mr. and Mrs. Owens. From this order, Mr. and Mrs. Owens now appeal.

On appeal, Mr. and Mrs. Owens assert that the trial court erred by granting Wife a lien against the property. Mr. and Mrs. Owens argue they were not unjustly enriched at the expense of

2

Wife, that the record shows that they contributed to the construction of the house and that they should be credited for having permitted Husband and Wife to reside in the house rent free.

Our review of this case is governed by Tennessee Rule of Appellate Procedure 13(d), which provides that review of findings of fact by the trial court shall be *de novo* upon the record of the trial court, accompanied by a presumption of correctness of the factual findings, unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d); *see also Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).

In support of their argument, Mr. and Mrs. Owens cite *O'Brien v. O'Brien*, 734 S.W.2d 639 (Tenn. App. 1987). The husband and wife in *O'Brien* built a house on the property of the wife's parents, Mr. and Mrs. Hicklen. *O'Brien*, 734 S.W.2d at 641. In *O'Brien*, there was an agreement among the parties that the property and additional land would be owned by the wife upon the death of Mr. and Mrs. Hicklen. *Id.* at 642. The husband and wife later divorced. *Id.* at 641.

The Court found that the husband had a reasonable expectation of residing in the house with his wife until her parents died, but that this expectation was waived when he left his wife and the marital home. *Id.* at 642. The Court noted that the termination of the marriage was solely due to the husband's misconduct. *Id.* at 643. It also observed that the husband did not expect to obtain an ownership interest in the house; rather his expectation was "the privilege of occupancy and the ultimate ownership by his wife." *Id.* at 644. The Court refused to grant the husband equitable relief under the doctrine of unclean hands, reasoning that the husband abandoned his wife and the house they shared, and was therefore precluded from obtaining equitable relief regarding the house. *Id.* at 643.

Wife, on the other hand, cites *Housley v. Housley*, in which this Court addressed the issue of the granting a lien on the property of a third party when dividing marital property between a divorcing husband and wife. *Housley v. Housley*, No. 03A01-9509-CV-00302, 1996 WL 36135 (Tenn. App. Jan. 31, 1996). In *Housley*, the husband and wife owned a modular home placed on property owned by the husband's parents, Mr. and Mrs. Housley. *Housley*, 1996 WL 36135, at *1. The Court ordered the parties divorced, apparently without attribution of fault, and awarded the wife half of the value of the modular home and imposed a lien against the property of Mr. and Mrs. Housley in the same amount to protect the wife's judgment. *Id.* *2. In sustaining the lien against the property, the *Housley* Court observed that the trial court had broad discretion in the adjudication

of parties' rights and interests in the marital estate. *Id.* (citing *Batson v. Batson*, 769 S.W.2d 849 (Tenn. App. 1988)).

The facts in this case are more analogous to those in *Housley* than *O'Brien*. Unlike *O'Brien*, the divorce in this case is not solely the fault of Wife. *See O'Brien*, 734 S.W.2d 642-43. Wife asserted in her testimony that she left the marital home suddenly because of Husband's physical abuse of her and the injury to the parties' child in the course of the confrontation between Husband and Wife. As in *Housley*, the trial court in this case simply declared the parties divorced without attributing fault. In *O'Brien*, there was a clear agreement among the parties that the wife would obtain ownership of the property upon the death of her parents. *Id.* at 642. In this case, Wife asserted that she had a reasonable expectation that the property would be deeded to both Husband and Wife upon completion of the house, and the trial court found that Wife's testimony was credible and discredited the testimony of both Husband and his father. The facts in the case at bar are similar to those in *Housley*; indeed, they are more compelling than the facts in *Housley*, in that the home in this case is not a modular home that can be moved, but a home built on Mr. and Mrs. Owens' property. *See Housley*, 1996 WL 36135, at *1. Under all of these circumstances, the relief granted by the trial court in this case is both reasonable and appropriate.

The decision of the trial court is affirmed. Costs are assessed against Appellants James R. Owens and Fern Owens, for which execution may issue if necessary.

_____
_____**HOLLY KIRBY LILLARD, J.**

**CONCUR:**


_____
**W. FRANK CRAWFORD, P. J., W.S.**


_____
**ALAN E. HIGHERS, J.**

4